IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth W. Cannon,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV 09-1817-PHX-ROS (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT JUDGE:

    Pending before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed on August 31, 2009, by Petitioner Kenneth W. Cannon. (Doc. 1). Respondents filed an Answer to Petition for Writ of Habeas Corpus on December 2, 2009. (Doc. 13). Petitioner filed a Reply on December 23, 2009. (Doc. 14). According to the Arizona Department of Corrections website (www.adc.state.az.us), Petitioner passed away on May 2, 2010.

    Petitioner was seeking release from custody based on his allegation that the parole board initially granted him parole before unlawfully changing its decision and requiring him to remain in custody. Because there is no relief the court can grant Petitioner given his untimely death, his habeas petition is rendered moot. See Garceau v. Woodford, 399 F.3d 1101 (9th Cir. 2005) (habeas petitioner's death resulted in dismissal of case as moot); Griffey v. Lindsey, 349 F.3d 1157 (9th Cir. 2003) (habeas petition dismissed as moot where petitioner

died during pendency of appeal). The court will therefore recommend that the petition be dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 28th day of July, 2010.

_Edward C. Voss_
Edward C. Voss
United States Magistrate Judge